ORIGINAL

COLIN L. CROW
Plaintiff Pro Se
51418 Kekio Road
Ka'a'awa, Hawaii 96730
(949) 633-8582
crowcolin@yahoo.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 04 2015

at 10 o'clock and 55 min. a.M.
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| COLIN L. CROW, and individual,<br><br>Plaintiff.<br><br>-v-<br><br>OCWEN LOAN SERVICING, LLC, a Delaware Limited Liability Company; REAL TIME RESOLTIONS, INC., a Texas Corporation; DOES 1 through 10, INCLUSIVE,<br><br>Defendant. | Civil No. CV15 00161 SOM BMK<br><br>Complaint;<br>Exhibits 1-9<br><br>Violation of Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2605; Violation of Fair Debt Collection Practices Act (FDCPA) 12 U.S.C. §1692; Quiet Title<br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff, COLIN L. CROW (hereinafter "Crow" or "Plaintiff"), hereby sues Defendants, OCWEN LOAN SERVICING, LLC (hereinafter "Ocwen" or "Defendant")), Real Time RESOLTIONS, INC. (hereinafter "Real Time" or "Defendant") and in support of such Complaint avers as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Real Estate Settlement Practices Act (RESPA) 12 U.S.C. §2605 et seq.; for damages for violations of the Truth in Lending Act (TILA) 15 U.S.C. §1641 et seq.; for damages for violations of the Fair (FDCPA) 15 U.S.C. §1692 et seq.; and for declaratory and injunctive relief.

1

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 12 U.S.C. §2614; 15 U.S.C. §1692; and 28 U.S.C. §1331.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391b.

4. This is an action for damages which exceed $75,000.00.

5. Plaintiff is a resident of Honolulu County in the State of Hawaii.

6. At all times herein mentioned, Defendant Ocwen, is and was, a Delaware limited liability company whose members are domiciled in the state of Florida and whose headquarters is in Dunwoody, Georgia and at all times herein mentioned was conducting ongoing business in the state of Hawaii and claims an interest adverse to the right, title and interests of Plaintiffs in Subject Property.

7. At all times herein mentioned, Defendant, Real Time, is and was, a Texas Corporation, with a principle place of business in Texas, and at all times herein mentioned was conducting ongoing business in the state of Hawaii and claims an interest adverse to the right, title and interests of Plaintiffs in Subject Property.

8. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

9. On or about August 18, 2005, Plaintiff entered into a fixed note with American Home Mortgage Servicing, Inc. (now Homeward Residential and hereinafter referred to as

"Homeward") in which Plaintiff promised repayment of a principle balance of $200,000.00, plus interest (hereinafter "Note"). A true and correct copy is attached herein as Exhibit 1.

10. On or about August 18, 2005, Plaintiff entered into a mortgage with Homeward (hereinafter "Mortgage") which implemented a lien being placed on the property in which Plaintiff resided and is located at 51418 Keiko Road, Ka'a'awa, HI 96730 (hereinafter "Subject Property"). A true and correct copy is attached herein as Exhibit 2.

11. On or about July 31, 2007, Homeward filed for bankruptcy protection and lost its interests in the Note and Mortgage in the bankruptcy.

12. Subsequent to Homeward's bankruptcy filing, Ocwen claimed to be an investor with respect to the Mortgage. However, Ocwen has failed to provide Plaintiff with any documentation proving Ocwen is an investor with respect to the Mortgage or that Ocwen has any interest in the Note.

13. On or about February 4, 2010, Defendant Real Time sent Plaintiff a notice stating that Ocwen had transferred its collection duties associated with Note and Mortgage to Defendant (hereinafter "Transfer Notice"). Furthermore, the Real Time's notice stated that 1) it was a debt collector, 2) its communication was an attempt to collect a debt, 3) the notice was required by the Fair Debt Collection Practices Act, and 4) Plaintiff had 30 days from receipt of the notice to dispute the validity of the debt. A true and correct copy of the notice is attached herein as Exhibit 3.

14. Defendant Real Time violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be

assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15. On or about December 12, 2013, Plaintiff, through Plaintiff's authorized agent, sent a "qualified written request" to Real Time pursuant the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e) (hereinafter "QWR 1"). QWR 1 sought specific and itemized information about the accounting and servicing of Mortgage and Note, disputing the validity of the debt associated with Mortgage and Note, and requesting a validation of the debt associated with Mortgage and Note, among other things. A true and correct copy is attached herein as Exhibit 4.

16. 12 U.S.C. § 2605(e) does *not* require that qualified written responses be made only subsequent to written notice by the creditor. Qualified written responses may be made at any time. The statute states the following:

> *"If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period,"* (12 U.S.C. § 2605(e)).

17. Furthermore, following a borrower's qualified written request made pursuant 12 U.S.C. § 2605(e), the creditor shall respond with the requested information within 30 days of receipt of the qualified written request.  12 U.S.C. § 2605(e)(2).

18. Real Time failed to respond to QWR 1.

19. On or about January 13, 2013, Plaintiff, via its authorized agent, sent another "qualified written request" to Real Time pursuant the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e) (hereinafter "QWR 2").  QWR 2 sought specific and itemized information about the accounting and servicing of Mortgage and Note, disputing the validity of the debt associated with Mortgage and Note, and requesting a validation of the debt associated with Mortgage and Note, among other things. A true and correct copy is attached herein as Exhibit 5.

20. On or about March 13, 2013, Real Time responded to QWR 1 by simply providing a copy of Transfer Notice, a copy of Note, a copy of Mortgage, a loan history summary allegedly itemizing Plaintiff's loan history summary (hereinafter "Loan History"), and a temporary billing statement (hereinafter "Billing Statement").  Real Time failed to provide the information that Plaintiff requested in his qualified written request.  A true and correct copy of the response is attached herein as Exhibit 6.

21. To date, Real Time has failed to provide validation of the debt in response to QWR 2, as required by 12 U.S.C. § 2605(e). .

22. On or about March 17, 2014, Plaintiff, via its authorized agent, sent a letter to the California Department of Consumer Affairs via certified mail alleging that Real Tine failed to respond to QWR 1 and QWR 2 as required by 12 U.S.C. § 2605(e). A true and correct copy is attached herein as Exhibit 7.

23. According to 12 U.S.C. § 2605(e), Defendant was obligated to comply with QWR 2 within 20 days or explain why the information sought is unavailable. Violations of this statute subject Defendant to fines of up to $1,000 per violation and actual damages, statutory damages, costs, and reasonable attorney's fees.

24. According to 12 U.S.C. § 2605(e), Defendant were obligated provide Plaintiff with a verification of the debt as requested in QWR 2. Violations of this statute subject Defendant to fines of up to $1,000 per violation and actual damages, statutory damages, costs, and reasonable attorney's fees.

25. Defendant's failure to provide proper responses to Plaintiff's qualified written request demonstrates the invalidity of the debt that Defendants purport Plaintiff to owe. As a result, Plaintiff suffered actual damages to be determined and emotional distress.

26. On or about April 23, 2014, Plaintiff, via its authorized agent, sent a letter to the State of Hawaii Executive Chambers via certified mail alleging that Real Tine failed to respond to QWR 1 and QWR 2 as required by 12 U.S.C. § 2605(e). A true and correct copy is attached herein as Exhibit 8.

27. On or about January 23, 2015, Real Time sent Plaintiff a written communication offering a settlement repayment plan in the amount of $169,103.28. Defendant admitted in the communication that it was engaged in the process of collecting debts and that its communication was an attempt to collect a debt. A true and correct copy is attached herein as Exhibit 9.

## COUNT I
### VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA), 12 U.S.C. §2605 BY DEFENDANT REAL TIME

28. Paragraphs 1 through 27 are realleged as though fully set forth herein.

29. Defendants Real Time was at some point servicers of a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2605.

30. Defendant Real Time is a debt collector under the meaning of 12 U.S.C. §2605 as is evident by their own admission that 1) it is a debt collector, 2) its communication was an attempt to collect a debt, 3) the notice was required by the Fair Debt Collection Practices Act, and 4) Plaintiff had 30 days from receipt of the notice to dispute the validity of the debt as demonstrated in Exhibit 3.

31. Plaintiff's written requests for information about his account and requests for validation were "qualified written requests" within the meaning of RESPA.

32. Real Time deliberately failed to respond in a proper and timely way to Plaintiff's "qualified written requests" for information about, and corrections to, his mortgage account, in violation of 12 U.S.C. §2605(e).

WHEREFORE, Plaintiff demands judgment against Real Time for actual, statutory, treble and/or punitive damages, and attorney's fees and costs, along with any other and further relief as the court deems just and proper, pursuant to 12 U.S.C. §2605.

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 U.S.C. §1692
## BY DEFENDANT REAL TIME

33. Paragraphs 1 through 32 are realleged as though fully set forth herein.

34. In 1977, Congress passed the FDCPA, 15 U.S.C. §§ 1692-1692p, which became effective on March 20, 1978, and has been in force since that date. Under Section 814 of the FDCPA, 15 U.S.C. § 1692, a violation of the FDCPA is deemed an unfair or deceptive act or practice in violation of the FTC Act. Further, the FTC is authorized to use all of its functions and powers under the FTC Act to enforce compliance with the FDCP A. The authority of the FTC in this regard includes the power to enforce the provisions of the FDCP A in the same manner as if the violations of the FDCPA were violations of a Federal Trade Commission trade regulation rule.

35. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

36. Defendant Real Time is a debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6). Furthermore, Defendant Real Time is a debt collector by its own admission that 1) it was a debt collector, 2) its communication was an attempt to collect a debt, 3) the notice was required by the Fair Debt Collection Practices Act, and 4) Plaintiff had 30 days from receipt of the notice to dispute the validity of the debt as demonstrated in Exhibit 3.

37. Defendant Real Time violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    (1) Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

(2) Defendants violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

(3) Defendants violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(4) Defendants violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(5) Defendants violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

38.  As a result of Defendants' violations, Plaintiff suffered actual damages in an amount to be determined, in addition to emotion distress.

## COUNT III
## QUIET TITLE
### BY DEFENDANTS OCWEN AND REAL TIME

39. Paragraphs 1 through 38 are realleged as though fully set forth herein.

40. None of the Defendants are owners nor holders of the Note executed by Plaintiff in 2005.

41. None of the Defendants are owners nor holders of the Mortgage executed by Plaintiff in 2005.

42. Plaintiff has never been advised of any transfers concerning the alleged beneficiary of the Note.

43. There is no identifiable and lawful beneficiary to whom indorsements of the Note have been made and to whom assignments of the Mortgage have been properly made.

44. Defendants do have the legal right to collect upon the Note or Mortgage until the legal right of the beneficiary to engage in this activity has been established. This is accomplished, when requested by the Plaintiff, by the production of the Note with indorsements and the production of the assignment of the Mortgage in favor of the current beneficiary.

45. Plaintiff is informed and believes that no such lawful and documented beneficiary exists.

46. Defendants do not have the legal right to foreclose upon Subject Property, nor collect any debts pursuant the Note or Mortgage.

47. Defendants' actions have been willful, intentional, and malicious.

48. As a result of Defendants' actions, Plaintiff has suffered harm. Among the harm, Plaintiff has incurred substantial costs in order to vindicate his lawful rights. Plaintiff has also suffered slander of his reputation and illegitimate reporting to credit bureaus.

49. Plaintiff seeks a determination of a fee simple title in this action as of the date on which this claim was filed.

WHEREFORE, Plaintiff demands judgment for damages against Ocwen and Real Time for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## PUNITIVE DAMAGES

50. Plaintiff realleges and incorporates by reference paragraphs 1 to 49 of this complaint.

51. Plaintiff alleges that Defendants are guilty of malice, fraud and oppression and that Plaintiff should recover, in addition to actual damages, damages to make an example of and to punish Defendants for their actions.

## PRAYER

52. WHEREFORE, Plaintiff prays judgment as follows:
(1) Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendant' violations of the FTC Act and the FDCPA, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies;
(2) Award Plaintiff monetary civil penalties for each violation of the FDCP A as alleged in this Complaint in the form of a penalty of not more than $11,000 for each violation of the

FDCPA before February 10, 2009, and not more than $16,000 for each violation of the FDCPA after that time;

(3) The determination of Plaintiff's title against all adverse claims.

(4) For a declaration that the Defendants have violated their professional license.

(5) That Defendants render a full, complete, detailed, and itemized accounting reflecting the amounts they claim are past due, the principal, interest, taxes, assessments, insurance premiums, or advances, and recurring obligations, and particularly attorney and trustee fees that Defendant substantiate their accounting with detailed documentation.

(6) For costs of suit incurred herein.

(7) For general and special damages according to proof.

(8) For punitive damages.

(9) For such other and further relief as the court may deem proper.

### DEMAND FOR JURY TRIAL

53. Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: April 21, 2015                                              Respectfully submitted,

　
　
　
　
COLIN L. CROW
Plaintiff Pro Se
51418 Kekio Road
Ka'a'awa, Hawaii 96730