IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| COLIN L. CROW, | ) | CIV. NO. 15-00161 SOM-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING PLAINTIFF'S |
| vs. | ) | MOTION FOR DEFAULT |
| | ) | JUDGMENT |
| OCWEN LOAN SERVICING, LLC, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Before the Court is Plaintiff Colin L. Crow's Motion for Default Judgment. ECF No. 17. After careful consideration of the Motion and record, the court denies the motion without a hearing pursuant to Local Rule LR 7.2(d).

On May 4, 2015, Crow filed the Complaint in this matter against Defendants OCWEN Loan Servicing, LLC, and Real Time Resolutions, Inc., seeking to quiet title to his property, and alleging violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. On July 23, 2015, OCWEN Loan Servicing, LLC, was dismissed from this case. See ECF No. 16. Accordingly, the court examines the Motion for Default Judgment only as it pertains to Defendant Real Time Resolutions, Inc.

The Complaint and Summons appear to have been served on Real Time on May 15, 2015. See ECF No. 7. Pursuant to Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Real Time was required to file an Answer or other responsive pleading "within 21 days after being served with the summons and complaint[.]" Accordingly, Real Time's Answer was due on June 5, 2015. Real Time timely filed an Answer on June 4, 2015. See ECF No. 12. Real Time's Certificate of Service indicates that the Answer was served on Crow by hand-delivery or postage prepaid mail. See id., PageID # 127.

Entry of default is proper "[w]hen a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). After obtaining default, the plaintiff may seek default judgment pursuant to Rule 55(b). Here, Crow requests default judgment against Real Time "on the grounds that Defendant has failed to answer, appear or otherwise defend, and the time to otherwise move or plead has expired and has not been extended in this action." ECF No. 17, PageID # 137. Crow argues that Real Time did not serve him with the Answer. Id., PageID # 138.

Because Real Time timely filed its Answer on June 4, 2015, default has not been entered against it. Without such an entry of default, default judgment is inappropriate. Hofelich v. Hawaii, Civ. No. 11-00034 DAE-BMK, 2011 WL

1438096, at *1 (D. Haw. April 14, 2011) ("In light of the requirement to obtain entry of default before seeking default judgment, courts deny motions for default judgment where default has not been previously entered."); Fed. R. Civ. P. 55(b). Accordingly, Crow's Motion for Default Judgment is denied.   Just in case Crow did not receive a copy of Real Time's Answer, the Clerk of Court is directed to mail Crow a copy of that Answer to alleviate any possible prejudice.   Future proceedings in this court will address the merits of this action.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, September 14, 2015.



       /s/ Susan Oki Mollway
       Susan Oki Mollway
       Chief United States District Judge

Crow v. OCWEN Loan Servicing, LLC, et al., CIV. NO. 15-00161 SOM-BMK; Order Denying Plaintiff' Motion for Default Judgment.